FILED

UNITED STATES DISTRICT COURT

APR 23 2007

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RANDY LEE DANN, | * | CIV 05-4082 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| R. MARTINEZ, Warden, and DR. PIERCE, DAP Coordinator, Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Randy Lee Dann, while an inmate at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the prison authorities wrongfully repealed an earlier determination that Petitioner was eligible for early release under 18 U.S.C. § 3621(e). For the following reasons, the petition is dismissed.

## DISCUSSION

Petitioner was serving 108-month concurrent sentences for conspiracy to manufacture, distribute and attempt to manufacture 500 grams or more of methamphetamine, and for unlawful user of controlled substances in possession of a firearm. Although Petitioner was resentenced by his sentencing court in the Northern District of Iowa on March 21, 2002, and his concurrent sentences were reduced to 90 months, his conviction for unlawful user of controlled substances in possession of a firearm, 18 U.S.C. § 922(g)(3)[1], was not vacated. The sentencing judge recommended Petitioner

---

[1] 18 U.S.C.A. § 922 (g)(3) makes it unlawful for a person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. The constitutionality of this provision was upheld in *United States in Letts*, 264 F.3d 787 (8th Cir. 2001).

participate in the Residential Drug Abuse Program (RDAP) On March 29, 2001, Petitioner had an initial determination of ineligibility of early release by his case manager. Petitioner was advised that although his background and criminal history made him eligible to participate in RDAP, he was not provisionally eligible for early release consideration under 18 U.S.C. § 3621(e), due to his illegal firearms conviction. Petitioner, when reevaluated on September 19, 2001, was incorrectly found to be provisionally eligible for early release, and on October 3, 2001, was incorrectly advised that he was provisionally eligible for early release. Petitioner was subsequently advised of the incorrect position on provisional eligibility and the provisional eligibility date was revised by the Bureau of Prisons (BOP). Petitioner's case manager, Cheryl Ludens, submitted an affidavit in this action stating that although Petitioner was incorrectly advised he was provisionally eligible for early release, he was never advised that he would be guaranteed early release. In fact, Petitioner signed a form stating, "I understand that a determination of early release for me is always provisional, and may change."

Petitioner has contended that Bureau of Prison's change of position on early release eligibility was arbitrary and capricious, and an abuse of discretion, and that Petitioner was entitled to have his release date adjusted upon his successful completion of the 500-hour Residential Drug Abuse Treatment Program(RDAP).[2] Petitioner exhausted his administrative remedies.

## Eligibility for Sentence Reductions for Successful Completion of RDAP

Congress has authorized the BOP pursuant to 18 U.S.C.A. § 3621(e)(2)(B) to grant sentence

---

[2] Petitioner has also sent a letter that cited to *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir.2005). *Paulsen v. Daniels* found the interim BOP 1997 regulation, that is codified at Section 550.58(a) to be a substantive rule and invalid for failure to provide 30 days for the notice and comment required by Section 553(b), ( c), and (d), of the Administrative Procedures Act. Other district courts in this Circuit have disagreed with the Ninth Circuit and determined that Program Statement 5162.04 is an "interpretive rule." *See Robinson v. Holinka*, 2007 WL 1054283 (D.Minn. April 9, 2007)(slip copy); *Gibson v. Walton*, 2006 WL 1428274 (D. Minn. May 23, 2006)(not reported in F.Supp.2d ). As was stated in *Robinson v. Holinka*, *7, " Absent reversal by a Court of superior jurisdiction, we are obligated to adhere to the precedent established in *Lopez v. Davis*, supra at 244, *Bellis v. Davis*, supra at 1092, and *Grove v. Federal Bureau of Prisons*, [245 F.3d 743, 746-47(8th Cir. 2001)], which all have upheld the validity of the BOP's P.S. 5162.04, and determinations concerning the eligibility for sentence reduction upon completion of RDAP, as falling within the discretion of the BOP Director."

reductions of up to one year for those convicted of a nonviolent offense who have successfully completed the 500-hour Residential Drug Abuse Treatment Program. 18 U.S.C.A. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Although Congress did not define the term "prisoner convicted of a nonviolent offense" in 18 U.S.C. § 3621(e)(2)(B), "crime of violence" is defined in 18 U.S.C. § 924(c)(3) as an offense that is a felony and -

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The BOP in 28 C.F.R. § 550.58 (a)(1)(vi) excludes inmates from eligibility for early release under 18 U.S.C.A. § 3621(e)(2)(B) if the inmate's current offense is a felony:

> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>
> (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another,
>
> . . . .

This Provision is included in BOP's Program Statements 5330.10 and 5162.04, Section 7.

The Eight Circuit Court of Appeals upheld the validity of 28 C.F.R. § 558.58 and Program Statements 5162.04 in *Bellis v. Davis*, 186 F.3d 1092 (8th Cir.1999), *aff'd sub nom. Lopez v. Davis*, 531 U.S. 230 (2001). In holding that the BOP may categorically exclude prisoners from eligibility for early release under 18 U.S.C.A. § 3621(e)(2)(B) based on their preconviction conduct, the Supreme Court stated, "The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." 531 U.S. at 244.

3

18 U.S.C.A. § 3621(e)(2)(B) does not create a liberty interest in a reduced sentence protected under the due process clause. *See Fristoe v. Thompson*, 144 F.3d 627 (10th Cir. 1998); *Sesler v. Pitzer*, 926 F.Supp. 130 (D.Minn. 1996), *aff'd, Sesler v. Pitzer*, 110 F.3d 569 (8th Cir. 1997)(overruled on other grounds).Since it is clear that Petitioner was convicted of an offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon," even though it did not necessarily involve the use of force, the BOP acted lawfully and within its discretion in denying Petitioner early release under 18 U.S.C.A. § 3621(e)(2)(B). While it is unfortunate that Petitioner was earlier misadvised of his presumptive release date, the BOP was not precluded from correcting the error and applying 28 C.F.R. § 558.58. In *Zacher v. Tippy*, 202 F.3d 1039,(8th Cir. 2000), the Eighth Circuit held that amendments to the Bureau of Prisons regulation concerning early release that merely clarified the preexisting law were not subject to the various Constitutional limits on retroactivity , such as ex post facto clause, even though the Petitioner had been advised he was eligible for early release then advised that he was not. The Eighth Circuit further explained,

> Nor can we take the Bureau's actions in telling Zacher (twice) that he was provisionally entitled to early release as a binding interpretation of the regulation requiring a felony for disqualification; the Bureau hardly had a steadfast and considered position on this issue, since it reversed itself three times in its communications with Zacher. Zacher can have gained no legally protected interest in an erroneous misapplication of the Bureau's regulations, and therefore, the Bureau's correction of its error cannot violate the Due Process clause.

202 F.3d at 1046; *See also, Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir.1998) (per curiam) ("As any determination by the BOP that Royal was eligible for a sentence reduction was erroneous, his actual status has not been retroactively changed...."); *McQuerry v. U.S. Parole Comm'n*, 961 F.2d 842 (9th Cir. 1992)(Bureau of Prisons' act of giving presumptive release date to special parolee did not estop Parole Commission from reopening case and forfeiting street time in order to correct mistake of law):*Molloy v. Berkebile*, 2007 WL 30252, *2 ) (N.D.Tex., January 4, 2007)(" If the BOP has erroneously calculated petitioner's projected release date, it has authority to correct that error and should be permitted to do so."). Petitioner had no legally protected interest in the earlier misapplication of BOP's regulations and rules regarding early release.

Accordingly,

4

**IT IS ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and the action is dismissed with prejudice.

Dated this 23rd day of April, 2007.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Foutz*
(SEAL)   DEPUTY